IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DEREK N. JARVIS**,  Plaintiff | * * * | |
| v. | * * | Civil Action Case No. RWT-09-2638 |
| **GEICO INSURANCE COMPANY**,  Defendant. | * * *** | |

## MEMORANDUM OPINION

Before the Court is a complaint filed *pro se* by Derek N. Jarvis, raising claims of breach of contract, fraud, negligent representation, unfair business practices, conspiracy, false and misleading business practices, racial bias, and fraudulent concealment against Geico Insurance Company ("Geico") in regard to its handling of an accident claim involving his 1994 Toyota Camry. Jarvis brings this action for $50 million damages and injunctive and declaratory relief on the basis of diversity and federal question jurisdiction. Jarvis has also filed a motion to proceed in forma pauperis and to seal documents. The Court will grant the Motion to Proceed in Forma Pauperis. The Motion to Seal will be denied because the information to be sealed is routinely submitted in support of in forma pauperis status. Upon review of the complaint, the Court concludes there is no basis for either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Furthermore, even assuming federal question or diversity jurisdiction, the case seeks review by this Court of the actions of a state court, contrary to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Accordingly, the complaint will be dismissed.

Federal district courts are charged with liberally construing complaints filed by *pro se*

litigants to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court can ignore a clear failure to allege facts which set forth a claim cognizable in federal district court. *See Weller v. Dep't of Social Servs.,* 901 F.2d 387 (4th Cir. 1990). Under this less stringent standard, the complaint filed in this case is subject to summary dismissal for lack of federal jurisdiction.

**I.      Background**

Jarvis states that on April 29, 2005, he was involved in an accident which caused significant front-end damage to his 1994 Camry automobile. He claims that his then insurance company, Geico, and its "select shops" DarCars, located in Silver Spring Maryland, and Hyattsville Auto Body, provided inferior parts and made faulty repairs to the vehicle. Jarvis does not name DarCars or Hyattsville Auto Body as defendants in this case.

Jarvis indicates that he resides in Maryland. He states that Geico "does substantial business in Montgomery County Maryland and has several of it's [sic] offices" located inside repair facilities which Geico select shops. He indicates that Geico's headquarters appears to be in either Fredericksburg, Virginia or in Chevy Chase, Maryland. The Court notes that the official Geico website at http://www.geico.com/about/corporate/at-a-glance shows the corporate headquarters is located in Chevy Chase, Maryland.

**II.     Jurisdiction**

In order for the Court to review this case, it must have subject matter jurisdiction. Federal courts are courts of limited jurisdiction "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited

subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337(1895)).  Accordingly, a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h) (3) (providing that "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

Federal jurisdiction exists where a federal question is presented or there is diversity of citizenship of the parties.  *See* 28 U.S.C. §§ 1331 & 1332.  Federal question jurisdiction is satisfied when a civil claim arises under the Constitution or laws of the United States.  *See* 28 U.S.C. § 1331.  Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between, *inter alia*, citizens of different states.  *See* 28 U.S.C. § 1332(a) (1).  The diversity statute requires complete diversity of the parties, which means that "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."  *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005).

### A.     Federal Question Jurisdiction

To the extent Jarvis claims that Geico's decision to limit his coverage to liability and faulty repair efforts violated federal laws against discrimination on the basis of race, Jarvis fails to offer any factual support other than his conclusory allegations.  Nothing in the complaint or exhibits suggests racial animus by Defendant.  There is no federal question presented, and there is no federal jurisdiction on that basis.

B.     **Diversity of the Parties**

The Court takes note that Geico is a Maryland corporation, the actions giving rise to Plaintiff's claims took place in Maryland, and Plaintiff is a Maryland resident. Because Plaintiff and Defendant are both citizens of Maryland, there is no diversity of citizenship between the parties. Additionally, it does not appear that Jarvis's allegations are sufficient to show that the amount in controversy is in excess of $75,000. Jarvis, who requests damages for "ill-gotten gains realized from the failure to repair its policy holders' damaged vehicles," Compl. at 19, 22, does not have standing to raise claims on behalf of other Geico policyholders. Jarvis's 1994 Camry was approximately eleven years old at the time of the accident; it is unclear how Geico's allegedly faulty repair efforts exceeded $75,000, an amount presumably far in excess of the value of the eleven-year old vehicle.

III.    *Rooker-Feldman* **Doctrine**

Even assuming, *arguendo*, that the elements for federal question or diversity jurisdiction have been met, the *Rooker-Feldman* doctrine precludes this Court from reaching the merits of this case. Under the *Rooker-Feldman* doctrine, this Court and other lower courts do not have appellate jurisdiction over final state-court judgments. *See, e.g.*, *Lance v. Dennis*, 546 U.S. 459, 463 (U.S. 2006); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293-94 (2005); *Adkins v. Rumsfeld*, 464 F.3d 456, 463 (4th Cir. 2006).

On May 5, 2008, Plaintiff filed a complaint in the Circuit Court for Montgomery County against Geico Insurance Company (the Defendant here) alleging, among other things, breach of contract, negligence, fraud, misrepresentation, fraudulent business practices, and racial bias. On October 6, 2009, Judge Mary Beth McCormick entered a final order dismissing with prejudice

4

Plaintiff's complaint. Plaintiff appealed the lower court's decision to the Maryland Court of Special Appeals. That appeal is currently pending.

On October 8, 2009, Plaintiff commenced this action by filing a document entitled "Appeal of Decision by the Montgomery County Circuit Court." Paper No. 1. Plaintiff alleged that his "due process rights were violated as a result of the [Montgomery County Circuit Court] denying this Plaintiff all discovery requested . . . ." Pl.'s Appeal of Decision at 1. Plaintiff argued that the lower court abused its discretion when it dismissed his case with prejudice, causing him "manifest injustice." *Id.* On October 13, 2009, Plaintiff subsequently filed a complaint in this case alleging, among other things, breach of contract, negligence, fraud, misrepresentation, fraudulent business practices, and racial bias.[1]  Paper No. 5.

It is clear that Plaintiff is asking this Court to assess the merits of a final state court decision. This case was "brought by [a] state-court loser[] complaining of injuries caused by [a] state-court judgment[] rendered before the district court proceedings commenced and inviting district court review and rejection of [the state-court judgment]." *Exxon Mobil Corp.*, 544 U.S. at 284. Because this action is a collateral attack on a state court judgment, this Court does not have jurisdiction under the *Rooker-Feldman* doctrine.[2]

## IV. Conclusion

In the absence of a federal question or diversity jurisdiction, and alternatively because of the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to consider the claims presented

---

[1] Defendants have not yet been served pursuant to Fed. R. Civ. P. 4.

[2] In the alternative, Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

here.  The case will be dismissed by separate Order.


November 12, 2009                                        /s/
                                            ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE